Lester W. **STURDEVANT**

v.

Anthony J. **CELEBREZZE**, Secretary of Health, Education and Welfare.

Civ. A. No. 33728.

United States District Court
E. D. Pennsylvania.

March 26, 1965.

James McGirr Kelly, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., and Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

BODY, District Judge.

This action is brought under Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), for judicial review of a final decision of the Secretary of Health, Education and Welfare, imposing deductions against old-age insurance benefits awarded to plaintiff. Both parties have moved for summary judgment and the complete record of all previous proceedings is now before this Court.

Plaintiff filed an application for old-age insurance benefits on August 7, 1956 and the same was approved by the appropriate division of the then Bureau of Old-Age and Survivors Insurance (now included in the Social Security Administration) by awarding plaintiff old-age insurance benefits in the amount of $79.50 monthly (subsequently increased to $85.00).

In January 1958, at age sixty-seven, plaintiff was employed by the Quaker City Pharmacal Company as a traveling salesman and a medical service representative for the territory of Pennsylvania, Delaware, New Jersey, Maryland and, subsequently, West Virginia. Plaintiff was partially reimbursed, in the form of traveling expenses, for the use of his automobile while soliciting sales throughout the aforestated areas.

The Bureau determined that plaintiff earned more than $100.00 in each month of the years 1958 and 1960, and more than $100.00 in each month of 1959 excepting March, May and June. As a result of these determinations the Board

decided that plaintiff was overpaid the sum of $2,739.00 in these years, and required restitution to be made in this amount. Under the Social Security Act plaintiff was permitted to earn a maximum of $1,200.00 annually.

Upon reconsideration the Bureau affirmed its original determination, and on February 20, 1962 plaintiff requested and was granted a hearing before the Hearing Examiner of the Social Security Administration and appeared there with a certified public accountant who acted both as a witness and as plaintiff's personal representative.

The Hearing Examiner rendered his decision on January 11, 1963, affirming the prior administrative determination after hearing testimony and inspecting the various documents in the record. Plaintiff requested a review of the Hearing Examiner's decision on March 8, 1963 and the same was denied on April 30, 1963.

The regulations and practices of the Social Security Administration provide that after a denial by the Appeals Council of a request for review, the Hearing Examiner's decision is the final decision of the Secretary of Health, Education and Welfare, within the meaning of and subject to judicial review pursuant to provisions of Section 205(g) of the Act (42 U.S.C.A. § 405(g).

The Court must now determine whether there is sufficient evidence in the record to support the findings of the Hearing Examiner as to whether plaintiff has been overpaid the sum of $2,739.00, and whether this sum should be repaid by the plaintiff. After a careful and detailed review of the entire record, the Court is unable to make any final determination because the record, as it now appears, is insufficient and inadequate.

The evidence introduced at the hearing included a letter dated July 10, 1959 written to the plaintiff from the Quaker City Pharmacal Company, signed by its president, confirming plaintiff's employment agreement. The letter states in part (Tr. 97):

"You will be compensated on a commission based on sales and will be paid partial traveling expenses to help cover some of the expense in connection with the use of your automobile, etc.

"The sum of $123.28 reimbursed to you for traveling expenses as shown on Form W–2 (Withholding Tax Statement—1958) we realize was not sufficient to fully cover your expenses. The fact that we are a new Company and a great deal of promotion work is required has held down your sales and therefore your income also."

Plaintiff was paid on a weekly basis by a single check which indicated on its face the total amount of commission earned, the deduction for withholding tax, the deduction for social security tax, and the amount allocated to travel. It appears that the Hearing Examiner itemized all the checks submitted for the years 1958, 1959 and 1960 and determined that the plaintiff was overpaid in the sum of $2,739.00. However, there does not appear in the record a month to month accounting as to the precise method and mathematical calculations used by the Hearing Commission in reaching the final determination for the aforestated years. It is essential for this Court, as well as any appellate court, that these detailed calculations be included in the record to make it complete.

Furthermore, it is the contention of the plaintiff that he incurred additional travel expenses for which he was not reimbursed, as was indicated by his employment agreement, and these expenses should have been deducted from his commissions. The record is void as to the amounts of these additional travel expenses. It is material that plaintiff have the opportunity to submit these amounts to the Hearing Examiner so that they may become a part of the record. Plaintiff testified that these additional claims for travel deductions were allowed for income tax purposes by the Internal Revenue Department. Although the determination by one government depart-

ment is not necessarily binding on another department, an inconsistency in determinations by different governmental departments regulated by the same rules under identical circumstances must be carefully scrutinized by a court of review.

Section 204(b) of the Social Security Act provides:

"There shall be no adjustment or recovery by the United States in any case where incorrect payment has been made to an individual who is *without fault* (including payments made prior to January 1, 1940), and where adjustment or recovery would defeat the purpose of this subchapter or *would be against equity and good conscience.*" (Emphasis supplied)

The general applicability of Section 204(b) is further defined in the Social Security Administration Regulations (20 CFR § 404.506 to § 404.509). In addition, 20 CFR § 404.511 provides:

"WHEN AN INDIVIDUAL IS AT 'FAULT' IN A DEDUCTION-OVERPAYMENT.

"(a) *Degree of care.* An individual will not be 'without fault' if the Administration has evidence in its possession which shows either a lack of good faith or failure to exercise a high degree of care in determining whether circumstances which may cause deductions from his benefits should be brought to the attention of the Administration by an immediate report or by return of a benefit check. The high degree of care expected of an individual may vary with the complexity of the circumstances giving rise to the overpayment and the capacity of the particular payee to realize that he is being overpaid. Accordingly, variances in the personal circumstances and situations of individual payees are to be considered in determining whether the necessary degree of care has

been exercised by an individual to warrant a finding that he was without fault in accepting a 'deduction overpayment.'

"(b) *Subsequent deduction-overpayments.* An individual will not be without fault where, after having been exonerated for a 'deduction overpayment' and after having been advised of the correct interpretation of the deduction provision, he incurs another 'deduction overpayment' under the same circumstances as the first overpayment."

■ Since plaintiff has the burden of showing that he was without fault and recoupment of any overpayment would be against equity and good conscience, plaintiff should have the opportunity to put on the record all facts pertaining to his personal financial condition. The record is silent as to plaintiff's present earnings. It is not clear to the Court, from a reading of the record, whether the Hearing Examiner considered the financial condition of both the plaintiff and his wife in reaching his determination in favor of recoupment. Also, the Hearing Examiner has failed to state with particularity whether the plaintiff failed to furnish the alleged material information for each year in question, and whether any consideration was given to the personal circumstances and situations of the plaintiff in reference to this information.

■ Accordingly, since a more complete record is essential, no adjudication will be made by the Court on the present record.

ORDER

And now, this twenty-sixth day of March, 1965, it is ordered that the case of Lester W. Sturdevant v. Anthony J. Celebrezze, Secretary of Health, Education and Welfare, be remanded to the Secretary of Health, Education and Welfare for further proceedings consistent with this opinion.