Marie F. KRAMER, Plaintiff,

v.

Wilbur J. COHEN, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 2425.

United States District Court,
S. D. Georgia,
Savannah Division.

Feb. 26, 1970.

Aaron Kravitch, Savannah, Ga., for plaintiff.

R. Jackson B. Smith, Jr., U. S. Atty., Augusta, Ga., Richard C. Chadwick, Asst. U. S. Atty., Savannah, Ga., for defendant.

## ORDER

LAWRENCE, Chief Judge.

In 1967 Health, Education and Welfare discovered that Mrs. Marie F. Kramer had been overpaid children's insurance benefits for a number of years. It was determined that she had received overpayments of $10,268. Due to adjustments that could be made in the accounts, $2,598.70 was recoupable. The net overpayment is $7,669.30.

Mrs. Kramer admits the overpayments. However, she insists that she was without fault and asserts that recovery by the Government from future benefits would be against equity and good conscience and would work an economic hardship on her.[1] The issue be-

---

1. Section 204(b) of the Act (see 42 U.S.C. § 404) provides that there shall be no adjustment or recovery in any case where an incorrect payment under title II has been made * * * with respect to an individual:

    (a) Who is without fault, and

    (b) Adjustment or recovery would either:

    (1) Defeat the purpose of title II of the Act, or

    (2) Be against equity and good conscience.

fore the Hearing Examiner was whether the recovery of the overpayment may be waived or whether it should be recouped by adjustment against future payments of social security benefits to Mrs. Kramer and her children.

I am asked to overturn the finding that Mrs. Kramer was not without fault in receiving the overpayments and that repayment thereof would defeat the purposes of the Act and would not be against good conscience. I decline to do so.

■ The overpayments would not have occurred if Mrs. Kramer (then Mrs. Puckett) had not, in applying for survivors insurance benefits in 1960, negatively answered the question: "Have you or any children listed in item 14 ever filed an application for social security benefits before?" She explained that she meant she had never "filed before" on that particular deceased husband. But even if that explanation is accepted and granting the absence of fraud on her part[2] it is hard to understand how one as experienced in social security benefits could accept double monthly benefits for the same children over a seven year period. Plaintiff had had contact with the law in connection with benefits drawn on Social Security accounts of three deceased husbands. The law says that where a child is entitled to more than one benefit a month he shall be entitled to "only one * * * based on the wages * * * of the insured individual who has the greatest primary insurance amount." The finding that Mrs. Kramer was not without fault[3] is supported by substantial evidence.

■ It is unfortunate that an economic hardship is involved. Mrs. Kramer is buying a house (monthly installments, $124.53) and is paying periodic travel expenses for a child's trips to Texas for plastic surgery.[4] However, she will continue to draw compensation from the Government. And she can always get a job. Instead of equity and good conscience excusing repayment in this case it seems to me (perhaps I am old-fashioned) that *good conscience requires her to make good to the Government what she never should have received or, receiving, retained.* I do not perceive how repayment would defeat the purposes of Title II.

■ "[P]laintiff has the burden of showing that he was without fault and recoupment of any overpayment would be against equity and good conscience * * *." Sturdevant v. Celebrezze, D. C.Pa., 239 F.Supp. 745. Mrs. Kramer has not carried the burden of proof; in fact, the preponderance of evidence is on the other side. The Secretary's finding that there was no waiver of the overpayment is supported by substantial evidence.

Defendant's motion for summary judgment is granted.

---

2. Mrs. Kramer regularly reported changes of circumstances, remarriages, etc.

3. The Regulations state: "In determining whether an individual is at fault, the Administration will consider all pertinent circumstances, including his age, intelligence, education, and physical and mental condition. What constitutes fault * * * depends upon whether the facts show the incorrect payment to the individual * * * resulted from:

(a) An incorrect statement made by the individual which he knew or should have known to be incorrect;
(b) Failure to furnish information which he knew or should have known to be material; or
(c) Acceptance of a payment which he either knew or could have been expected to know was incorrect."

4. The Crippled Children's Hospital bears the expenses of treatment.